UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| BROADCAST MUSIC, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 1:09-cv-193 |
| v. ) | |
| ) | *Mattice / Lee* |
| NORMA MARLER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiffs Broadcast Music, Inc. ("BMI"), *et al.*, filed a motion for entry of default judgment against Defendants Norma Marler and Walter Marler, Sr., both individually and doing business as Walt's Karaoke Café ("Defendants") pursuant to Fed. R. Civ. P. 55(b) [Doc. 8]. No response to Plaintiffs' motion has been filed by Defendants. Plaintiffs' motion has been referred for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 9].

I.   **INTRODUCTION**

Plaintiffs filed this action against Defendants on July 17, 2009, seeking damages and injunctive relief for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, *et seq*. [Doc. 1 at ¶¶ 1, 17]. Plaintiffs allege they own the copyrights to certain musical compositions or have been granted the authority to license the public performance rights to those compositions

[*id.* at ¶¶ 3, 4].[1]  The musical compositions that Plaintiffs allege were infringed upon by Defendants include 11 compositions identified in a schedule annexed to Plaintiffs' complaint (the "Compositions") [*id.* at 7-11].  Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504(c), costs pursuant to 17 U.S.C. § 505, and an injunction restraining Defendants and their employees from infringing the copyrights of BMI-licensed compositions in the future [*id.* at 5]

Summonses for Defendants were returned executed, and the returns show that personal service was made on Defendant Norma Marler on July 17, 2009 [Doc. 4], and Defendant Walter Marler, Sr., on July 18, 2009 [Doc. 5].  Defendants failed to file an answer or otherwise respond to Plaintiffs' complaint, and Plaintiffs filed a motion for entry of default on August 10, 2009 [Doc. 6].  Pursuant to Fed. R. Civ. P. 55(a), a default was entered by the clerk on September 1, 2009 [Doc. 7].  Plaintiffs then filed the instant motion for default judgment, with supporting memorandum and affidavits, on September 9, 2009 [Doc. 8].

Subsequently, the Court issued an Order instructing Plaintiffs to submit additional proof in support of their motion for default judgment [Doc. 10].  Specifically, the Court found Plaintiffs' motion deficient because it was not accompanied by proof that Defendants are not infants or incompetent persons and are not in military service [*id.* at 5].  Additionally, the Court noted that the Plaintiffs' proof of damages did not appear to support an award of statutory damages greater than

---

[1] Each Plaintiff except BMI alleges it is the owner of one or more of the copyrights to the Compositions.  BMI is a "performing rights society," which licenses the public performance rights on behalf of the copyright owners.  17 U.S.C. § 101.  Thus, although BMI is not the exclusive owner of the rights to the Compositions, the rights it alleges have been infringed are nonetheless "copyrights" allegedly owned by the other Plaintiffs.  *See* 17 U.S.C. 106(4) (right to publicly perform musical works is within the scope of copyright protection).  BMI's right to license public performances of the Compositions and the underlying exclusive right to publicly perform the Compositions, therefore, are referred to collectively as the "copyrights."

the statutory minimum [*id.* at 7-9]. Plaintiffs were therefore ordered to advise the Court whether they intended to submit additional proof of damages or, alternately, whether they would be willing to accept the statutory minimum [*id.* at 9]. Plaintiffs thereafter timely submitted the requested proof and advised the Court they are willing to accept the statutory minimum damages [Doc. 11; 11-1].

## II. BACKGROUND

In their complaint, Plaintiffs allege they are the owners of valid copyrights to the Compositions [Doc.1 at ¶¶ 14-15, pp 7-11]. Plaintiffs further allege Defendants are the owners of Walt's Karaoke Café ("Café") with the authority to supervise the Cafe's employees [*id.* at ¶¶ 6-9], and that on February 28, 2009, Defendants publicly performed or caused the Compositions to be performed at Walt's Karaoke Café [*id.* at ¶ 16, pp 7-11]. Plaintiffs allege these performances were unauthorized and therefore constitute infringements of their copyrights [*id.* at ¶ 11].

In support of their motion, Plaintiffs submitted the affidavit of John Coletta, Assistant Vice President of Legal Affairs for Plaintiff BMI [Doc. 8-2]. Mr. Coletta averred as follows. BMI acquired the right to license public performances of the Compositions from the other Plaintiffs in the action--the copyright owners [*id.* at ¶ 2]. BMI is a non-profit organization which sells "blanket license agreements" to music users such as broadcasters and nightclubs and distributes the proceeds to the copyright owners [*id.* at ¶¶ 2-3]. BMI has been granted the right to maintain actions for infringement of the copyrights for which it holds the licensing rights [*id.* at ¶ 5].

Plaintiffs also submitted the affidavit of Thomas G. Annastas, Vice President of General Licensing for Plaintiff BMI [Doc. 8-3]. Mr. Annastas averred as follows. BMI first learned that Defendants were "offering musical entertainment without a license from BMI" prior to March 11, 2002 [*id.* at ¶ 3]. No license had been issued with respect to the Compositions, either by BMI or the

3

other Plaintiffs [*id.* at ¶ 4]. BMI contacted the Café on March 11, 2002, advising that a license was required and enclosing a license fee schedule, but Defendants did not respond [*id.*]. Subsequently, BMI attempted to contact the Café in writing on 17 more occasions, and by telephone on 72 occasions, but Defendants did neither discontinue performances of BMI-licensed music nor entered into a license agreement [*id.* at ¶¶ 5, 8-9]. During 2008 and 2009, BMI sent Defendants six letters instructing them to "cease the public performances of BMI-licensed music." [*Id.* at ¶ 6]. BMI then dispatched an investigator, Mr. Bolick, who observed the public performance of the Compositions at the Café [*id.* at ¶ 10]. BMI advised the Café of the investigation, but there was still no response [*id.* at ¶ 11]. In addition, Mr. Annastas averred that the estimated license fee for the Café between March 2002 (when BMI first contacted Defendants) and September 2009 would have been $8,688.63 [*id.* at ¶ 14].

Finally, Plaintiffs submitted two affidavits by James R. Newsom III, their attorney [Doc. 8-4]. In the first affidavit, Mr. Newsom averred that he has represented Plaintiffs in this matter since July, 2009, and that as of September 9, 2009, he or other attorneys in his employ had performed services for Plaintiffs valued at $3,151.50, with further costs and expenses of $504.69 [id. at ¶ 2-3]. Mr. Newsom averred his fees were billed according to his firm's standard fee schedule, which is based on the attorney's knowledge and experience in the practice of law, and that they are reasonable in comparison to the fees customarily charged by other attorneys for similar work in the area [*id.* at ¶ 4]. In the second affidavit, Mr. Newsom averred that since September 9, 2009, Plaintiffs have been provided with additional legal services valued at $1,715.60 and additional costs and expenses of $39.51 [Doc. 11-1 at 2].

4

## III. ANALYSIS

### A. The Complaint States a Claim

While the granting of a motion for default judgment is within the Court's discretion, not all injuries have a legal remedy. *Lee v. United Serv. Assocs., Inc.*, 2007 WL 2788459, at *1 (E.D. Tenn. Sep. 24, 2007). Thus, default judgment is improper when the complaint fails to state a claim on which relief can be granted. *Id.* (citing *Harrison v. Bailey*, 107 F.3d 870, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) (unpublished). In a motion for default judgment, "the Court takes all well-pleaded facts related to liability in the complaint as true." *Skidmore v. Boilermaker-Blacksmith Nat. Pension Trust*, 2009 WL 1362067, at *3 (E.D. Tenn. May 13, 2009). Therefore, where the alleged facts are sufficient to establish liability but "the adversary process has been halted because of an essentially unresponsive party," default judgment is available to protect the "diligent" moving party. *Reyes v. Seaton Enters., L.L.C.*, 2008 WL 400452, at *2 (E.D. Tenn. Feb. 12, 2008).

In order to establish a prima facie case of copyright-infringement, a plaintiff must show (1) ownership of the copyright and (2) copying by the defendant. *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 581 (6th Cir. 2007); *see also Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005). A musical composition is a separate work from a particular sound recording or the lyrics of a song, and the musical composition has its own distinct copyright. *Zomba Enters.*, 491 F.3d at 578 n.1; *Palladium Music*, 398 F.3d at 1197 n.3 (10th Cir.

5

2005). Subject to some exceptions,[2] the owner of a copyright to a musical composition has the exclusive right to perform or play the composition publicly. 17 U.S.C. §§ 101, 106(4). A party who violates a protected copyright is known as an "infringer" and is "subject to injunctions, damages, and attorney fees." *Zomba Enters.*, 491 F.3d at 578 (internal citations omitted).

Plaintiffs' complaint contains specific allegations identifying individual Plaintiffs as the respective owners of the copyrights to each of the Compositions, and offers as further evidence of ownership the copyright registration numbers for the Compositions [Doc. 1-2]. In addition, Plaintiffs allege Defendants unlawfully infringed their copyrights or licensing rights by publicly playing (or causing to be played) the copyrighted Compositions [Doc. 1 at 5]. Taking these allegations relating to liability as true, I **CONCLUDE** Plaintiffs' complaint states a claim on which relief can be granted.

### B. Default Judgment

A plaintiff seeking default judgment must fulfill several obligations. First, the plaintiff bears the responsibility to ensure that the defendant was properly served with process. *Virgin Records America, Inc. v. Bagan*, 2009 WL 2170153 (D.N.J. Jul. 21, 2009).

Second, the plaintiff must fulfill the procedural obligations of Fed. R. Civ. P. 55. Specifically, the plaintiff must first seek entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint. *Keesh Construction, Inc. v. United*

---

[2] These exceptions are found at 17 U.S.C. §§ 107-122, and they include, for example, the "fair use" doctrine. These exceptions, however, are affirmative defenses which must be pleaded by the defendant. *See Zomba Enters.*, 491 F.3d at 581; *Broadcast Music, Inc. v. Hartmarx Corp.*, 1989 WL 121290, at *2. Plaintiff therefore need not negate these defenses to establish the elements of its claim. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1236 (10th Cir. 1999) (noting that "it is not the burden of a plaintiff to anticipate, raise, and negate affirmative defenses for which the defendant clearly has the burden.").

*States,* No. 1:02-CV-899, 2004 WL 2536840, *1 n.1 (S.D. Ohio Sep. 28, 2004). Once the clerk has entered a default, the moving party may then seek entry of a default judgment. *Id.* If the plaintiff's claim is for a sum certain, default judgment will be entered by the clerk, but if damages are uncertain or other relief is sought, the plaintiff must apply to the Court for default judgment. Fed. R. Civ. P. 55(b).

Third, if the plaintiff seeks default against a defendant who has entered an appearance, the defendant or her representative must be served with notice at least three days before the hearing. Fed. R. Civ. P. 55(b)(2); *Virgin Records*, 2009 WL 2170153, at *1.

Fourth, the plaintiff must submit an affidavit stating that the defendant is not an infant or incompetent person. *Ross v. Baker*, 2006 U.S. Dist LEXIS 77216 (W.D. Mich. Oct. 23, 2006) (citing Fed. R. Civ. P. 55(b)); *Disney Enters. v. Farmer*, 427 F. Supp. 2d 807, 815 (E.D. Tenn. 2006).

Fifth, and finally, the plaintiff must submit an affidavit stating whether the defendant is in military service, or if plaintiff is unable to determine whether the defendant is in military service, stating so. Servicemembers Civil Relief Act ("SCRA") § 201(b), 50 U.S.C. app. § 521(b)(1). The SCRA affidavit is a prerequisite to the entry of a default judgment. *Merrill v. Beard*, 2007 WL 461469, at *3 (N.D. Ohio Feb. 7, 2007). The affidavit must include more than a "bare assertion" based "upon information and belief," but must set forth specific facts establishing the plaintiff's efforts to determine whether the defendant is in military service. *Chanel, Inc. v. Adeyemi*, 2009 WL 2590640, at *2 (D. Ariz. Aug. 21, 2009) (citing *United States v. Simmons*, 508 F. Supp. 552, 552 n.1 (D. Tenn. 1980)).

Only if the plaintiff fulfills all these requirements may the Court enter default judgment. *See*

*Virgin Records*, 2009 WL 2170153, at *2 (noting that although courts have discretion to enter default judgment, entry of default by the clerk and valid service of process are prerequisites to default judgment). I **FIND** Plaintiffs have fulfilled these requirements here. Plaintiffs properly served Defendants with process. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (noting that "[a] signed return of service is prima facie evidence of valid service"). Plaintiffs properly applied for entry of default before moving for default judgment. *See* Fed. R. Civ. P. 55(a). As Defendants have made no appearance in this case, the notice requirement in Fed. R. Civ. P. 55(b) is not triggered. And, as noted above, Plaintiffs have now submitted proof that Defendants are not infants or incompetents and are not in military service [Doc. 11-1].

Therefore, because Plaintiffs have satisfied the requirements for entry of a judgment by default, I **RECOMMEND** Plaintiffs' motion [Doc. 8] be **GRANTED** with entry of judgment as set forth below.

### C. Relief

#### 1. Damages.

While the Court "takes all well-pleaded facts related to liability in the complaint as true," *Skidmore*, 2009 WL 1362067 at *3, unliquidated damages must be proven. Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading."); *LeFarge N. Am. Inc. v. Wells Group, Inc.*, 2009 WL 2601854, at *3 (E.D. Tenn. Aug. 24, 2009). Proof of damages ordinarily requires an evidentiary hearing in which the defendant may contest the amount, but a hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages. *Id.* at *4 (noting that a court "*may* conduct hearings"

8

when necessary to determine the amount of damages). If issues of fact remain to be determined, however, a hearing will be necessary. *See Jobete Music Co., Inc. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1087-88 (S.D. Ohio 2003).

A plaintiff who establishes copyright infringement is entitled, at her election, to receive either (1) actual damages plus any profits of the infringer or (2) statutory damages. 17 U.S.C. § 504(a). If the plaintiff chooses statutory damages, she may recover "not less than $750 or more than $30,000" with respect to each infringement, "as the court considers just." *Id.* § (c)(1); *Virgin Records*, 2009 WL 2170153, at *4. Factors to be considered include the defendant's blameworthiness, the expenses saved and profits reaped by the defendant in connection with the infringement, and the revenues lost to the plaintiff. *Jobete Music*, 285 F. Supp. 2d at 1086. Courts may also consider the goal of deterring wrongful conduct. *Columbia Pictures Indus., Inc. v. T&F Enters., Inc.*, 68 F. Supp. 2d 833, 840 (E.D. Mich. 1999). In determining the defendant's blameworthiness, courts may consider whether the defendant's state of mind was "willful, knowing, or merely innocent," *Disney*, 427 F. Supp. 2d at 816, whether the defendant has previously been found liable for copyright infringement, *see Columbia Pictures.*, 68 F. Supp. 2d at 840, and whether the defendant was repeatedly warned before suit was filed, *see Cross Keys Pub. Co., Inc. v. Wee, Inc.*, 921 F. Supp. 479, 481-82 (W.D. Mich. 1995).

Plaintiffs originally sought $3,000 per infringement, for a total of $33,000 [Doc. 8 at 2]. Plaintiffs argued in their motion for default judgment that the requested damages were justified in light of their lost revenues--specifically, the licensing fees they would have recouped if Defendants had paid to license the Compositions since March of 2002. As noted above, however, the Court questioned Plaintiffs' proof of damages beyond the statutory minimum of $750 per infringement

9

[Doc. 11]. Because 17 U.S.C. § 507(b) establishes a three-year statute of limitations for civil copyright infringement actions, the Court cannot consider any licensing fees lost prior to February 28, 2006. *See Jobete Music*, 285 F. Supp. 2d at 1091. More importantly, the assumption that Defendants have been infringing Plaintiffs' copyrights since 2002 was neither alleged in the complaint nor "proven with evidence." *See id.* Plaintiffs' complaint alleges violations occurring only on February 28, 2009, and the Court cannot assume the past violations actually occurred in order to justify damages here.[3] As the Court previously noted, some of Plaintiffs' submissions tend to show Defendants' blameworthiness, but this factor alone did not provide a concrete basis for what would otherwise be an arbitrary award of damages.

Instead of submitting additional proof in support of a greater damages award, Plaintiffs have informed the Court they are willing to accept the statutory minimum of $750 per infringement [Doc. 11 at 1]. Accordingly, I **FIND** Plaintiffs are entitled to damages in the amount of $750 per infringement, for a total of $8,250 in statutory damages pursuant to 17 U.S.C. § 504(c).

### 2. Attorney's Fees and Costs.

In addition to statutory damages, a prevailing plaintiff may also be entitled to costs and attorney's fees. *Columbia Pictures*, 68 F. Supp. 2d at 841 (citing 17 U.S.C. § 505). Factors to be considered in awarding costs and fees include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular

---

[3] Mr. Annastas averred that "[p]rior to March 11, 2002, BMI learned that [the Café] was offering musical entertainment without a license from BMI, or without permission from the copyright owners whose music was being publicly performed." [Doc. 8-3 at 2]. However, the complaint contains only the allegations of infringement on February 28, 2009. Moreover, Plaintiffs have not shown how BMI came to possess this knowledge, and the Court is unwilling to rely on a conclusory statement, based on hearsay from an unnamed source, to justify an award of damages.

10

circumstances to advance considerations of compensation and deterrence." *Id.* (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19) (internal quotes omitted). Courts may also consider whether a complex or novel issue of law justified the case, whether the defendant attempted to avoid the infringement, and whether the act of infringement was innocent. *Sailor Music v. IML Corp.*, 867 F. Supp. 565, 570 (E.D. Mich. 1994).

Here, the factors relating to the legal merits of the defense (e.g., frivolousness) are irrelevant because Defendants have made no defense. In light of the remaining factors, I **FIND** Plaintiffs' submissions demonstrate they are entitled to the requested fees and costs pursuant to 17 U.S.C. § 505. Defendants' infringements were not accidental or innocent. Plaintiffs informed Defendants on a number of occasions that the public performance of compositions subject to their copyrights was unlawful [Doc. 8-3 at 2-3, 15-20], yet Defendants allegedly committed the infringements of February 28, 2009. Plaintiffs also provided Defendants with contact information for the U.S. Copyright Office and the Better Business Bureau so that Defendants could corroborate the Plaintiffs' assertions [*id.* at 24]. Given these repeated warnings, Defendants could not have reasonably believed they were acting in accordance with copyright law. I also **FIND**, based on Plaintiffs' submissions, that there is no issue of fact to resolve regarding the amount of fees and costs to be awarded. Defendants are therefore entitled to recover $4,867.10 in attorney's fees ($3,151.50 prior to September 9, 2009, and $1,715.60 subsequent to September 9) and $544.20 in costs and expenses ($504.69 prior to September 9, 2009, and $39.51 subsequent to September 9).

### 3. Injunctive Relief.

Plaintiffs allege that, unless the Court "restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate

11

remedy at law." [Doc. 1 at ¶ 17]. Pursuant to 17 U.S.C. § 502, a party is entitled to injunctive relief as the Court deems reasonable "to prevent or restrain infringement of a copyright." Injunctive relief is proper where the plaintiff shows "past infringement and a substantial likelihood of future infringement . . . ." *Superhype Pub., Inc. v. Vasiliou*, 838 F. Supp 1220, 1226 (S.D. Ohio 1993). "[A] clear danger of future infringement" is demonstrated when a defendant repeatedly ignores a plaintiff's assertions of her rights. *Id.* In this motion for default judgment, the Court accepts as true Plaintiffs' allegations of past infringement. In addition, because Defendants allegedly infringed Plaintiffs' copyrights after repeated warnings, I **FIND** Plaintiffs' submissions sufficient to show a substantial likelihood of future infringement. Accordingly I **RECOMMEND** Defendants be permanently enjoined from infringing any of the copyrighted compositions licensed by Plaintiff BMI. *See Cross Keys*, 921 F. Supp. at 481 (issuing an injunction for all compositions licensed by the performing rights society).

## IV. CONCLUSION

For the reasons set forth above, I **RECOMMEND**[4] that Plaintiffs' motion for default judgment be **GRANTED** and that:

(1) Plaintiffs be awarded statutory damages under 17 U.S.C. § 504(c) in the total amount of $8,250;

(2) Plaintiffs be awarded $4,867.10 in attorney's fees and $544.20 in costs and

---

[4] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

expenses under 17 U.S.C. § 505; and

(3) Pursuant to 17 U.S.C. § 502, Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be permanently enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by Broadcast Music, Inc.

                                         s/*Susan K. Lee*
                                         SUSAN K. LEE
                                         UNITED STATES MAGISTRATE JUDGE